UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kathy Reaves, *a/k/a Kathy Juanita Reaves*<br><br>PLAINTIFF<br><br>v.<br><br>Richmond County Sheriff's Office, Georgia Bureau of Investigation, Georgia Applicant Processing Svc., and Clayton County Public Schools<br><br>DEFENDANTS | Case No. 4:22-cv-1806-TLW<br><br><br>**Order** |

Plaintiff Kathy Reaves, proceeding *pro se* and *in forma pauperis*, filed this civil action against the following entities of the state of Georgia: the Richmond County Sheriff's Office, the Georgia Bureau of Investigation ("GBI"), the Georgia Applicant Processing Svc. ("GAPS"), and the Clayton County Public School system ("CCPSS"). ECF No. 1. Plaintiff brings her suit pursuant to the Fourth and Fourteenth Amendments and the Fair Credit Reporting Act ("FRCA"), 15 U.S.C. § 1681 *et seq*. *Id* at 1. The Court is familiar with the factual allegations contained in Plaintiff's complaint as Plaintiff has a number of pending actions and recently dismissed actions before this Court largely regarding the same set of facts. *See* 4:22-cv-00318-TLW; 4:22-cv-00639-TLW; 4:22-cv-00856-TLW; 3:22-cv-01399-TLW; 4:22-cv-01806-TLW, *etc.*

Plaintiff's complaint was referred to the Honorable Thomas E. Rogers, III, United States Magistrate Judge, for review pursuant to 28 U.S.C. § 36b(b)(1)(B). The

Page **1** of **4**

magistrate judge reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915, which directs the court to dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, as well as when the complaint seeks monetary relief from a defendant who is immune from such relief. Accordingly, the magistrate judge filed a Report and Recommendation ("Report"), ECF No. 9, recommending that this Court dismiss Plaintiff's complaint with prejudice and without service of process.

The matter now comes before the Court for review of the Report and Recommendation filed by the magistrate judge. In the Report, the magistrate judge recommends that Plaintiff's complaint be summarily dismissed because South Carolina is an improper venue for Plaintiff to litigate claims against Georgia entities that arose out of alleged actions that took place entirely in Georgia. *Id.* 2–3. In support of this, the Report notes that Plaintiff has previously attempted to bring claims against the same defendants in the Southern District of Georgia. *Id.* at 3.

Additionally, the magistrate judge—out of an abundance of caution—addresses Plaintiff's claims on the merits and again recommends that Plaintiff's complaint be summarily dismissed. *Id.* at 3–9. Specifically, the magistrate judges recommends dismissal because (1) defendants GBI, GAPS, and the Richmond County Sherriff's Office are entitled to sovereign immunity pursuant to the Eleventh Amendment; (2) Plaintiff's complaint is duplicative of actions already pending before the Court, namely 4:22-cv-00318-TLW, and thus subject to summary dismissal under § 1915; (3) Plaintiff is improperly splitting her claims by pursuing a multitude of

different actions; (4) Plaintiff has failed to allege a claim pursuant to the FRCA; (4) Plaintiff has failed to state a Fourteenth Amendment due process claim because she has not alleged the deprevation of a protected liberty interest; (5) Plaintiff cannot preemptively respond to unfilled motions; (6) Plaintiff has not alleged facts necessary to establish a claim for civil conspiracy pursuant to § 1983, and finally, (7) the criminal statutes cited by Plaintiff in her complaint do not provide a private right of action. *Id.* The magistrate judge ultimately noted that "[i]t is a waste of judicial resources to request Plaintiff [to] name actual persons as defendants instead of an agency as the court already did this in No. 4:22-cv-318 and Plaintiff is pursuing some individual defendants, regarding this same incident in that court action." *Id.* at 9. Plaintiff did not file objections to the Report. This matter is now ripe for decision.

The Court is charged with conducting a *de novo* review of any portion of the Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that Report. 28 U.S.C. § 636. In the absence of objections to the Report, the Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). In such a case, "a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

The Court has carefully reviewed the Report. For the reasons stated by the

magistrate judge, the Report, ECF No. 9, is **ACCEPTED**. This matter is **DISMISSED WITH PREJUDICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**.

**IT IS SO ORDERED**.

_s/ Terry L. Wooten_
Terry L. Wooten
Senior United States District Judge

November 17, 2022
Columbia, South Carolina